IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SULLIVAN, etc., et al., ) | |
| ) | No. 10 C 8262 |
| Plaintiffs/Judgment Creditors, ) | |
| ) | Judge Amy J. St. Eve |
| v. ) | |
| ) | Magistrate Judge |
| UNITED PLUMBING, INC. an Illinois corporation, and ) | Maria Valdez |
| UNITED PLUMBING SERVICES, LLC, an Illinois ) | |
| limited liability company, ) | |
| ) | |
| Defendants/Judgment Debtors. ) | |

**MOTION FOR ENTRY OF JUDGMENT
AGAINST JOHN J. CONNELL III**

NOW COME Plaintiffs, JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS, with ROETZEL & ANDRESS, of counsel, and, pursuant to Fed. R. Civ. P. 69 and 735 ILCS 5/2-1402, move the Court to enter Supplemental Judgment against JOHN J. CONNELL III ("Connell") in the amount of $38,858.49. In support hereof, Plaintiffs state:

*I.   Introduction*

Connell is liable to Plaintiffs for his personal unpaid debt of $13,654.00 to UNITED PLUMBING, INC. ("UPI") and for distributions in the amount of $23,205.49 received from UPI after the date of its dissolution.

*II.   Background*

Plaintiffs filed their Complaint on December 29, 2010, seeking an accounting of UPI's books and records to verify UPI's compliance with its obligations to Plaintiffs under a collective bargaining agreement with Chicago Journeymen Plumbers' Local Union 130, U.A. Connell signed Articles of Dissolution on behalf of UPI and filed them with the Illinois Secretary of State on January 7, 2011. *See UPI Articles of Dissolution, Exhibit A.*

1

UPI did not file an Appearance or answer the Complaint. Instead, its owners and corporate officers, Connell and Anthony Sasso,[1] personally appeared before the Court on February 14, 2011, and advised that they would cooperate with Plaintiffs' auditors. Plaintiffs' auditors completed their audit and produced a Compliance Report to the Trustees ("Audit Report") on May 17, 2011. The Audit Report revealed the existence of UPS, which was owned and managed solely by Sasso. *See Cit. Tr., p. 106, Exhibit B.* On June 6, 2011, Plaintiffs filed their First Amended Complaint, incorporating the Audit Report and adding UPS as a Defendant. *See Docket No. 18.*

On July 11, 2011, Default Judgment was entered against UPI and UPS, jointly and severally, in the amount of $78,187.97. *See Docket No. 29.*

Defendants were served with Citations to Discover Assets on or about August 4, 2011. The Citations required Defendants to produce records and appear for Citation examination on September 14, 2011. Connell, Sasso and Defendants' accountant, Geoffrey Quinn, all appeared, were sworn, and participated in the examination.

### III.    Law

Federal Rule of Civil Procedure 69(a)(1) provides that proceedings supplemental to and in aid of judgment must accord with the procedure of the state where the court is located. Section 2-1402 of the Illinois Code of Civil Procedure permits judgment creditors to use supplementary proceedings to locate non-exempt assets of the judgment debtors that are in the hands of third parties and to compel application of those assets toward payment of the judgment. See 735 ILCS 5/1402(a). Section 2-1402 is not just a discovery tool; it authorizes courts to determine the rights of third parties who are holding assets of a judgment debtor. *Dexia Credit Local v. Rogan*, 629 F. 3d 621, 624 (7th Cir. 2010).

---

[1] Sasso and Connell were each 50% shareholders and officers of UPI. *See Citation Exam Transcript ("Cit. Tr.") p. 15-16, Exhibit B; see also UPI's 2010 Federal Income Tax Return,*

Section 5/12.30 of The Illinois Business Corporation Act provides in relevant part:

> § 12.30. Effect of dissolution. (a) Dissolution of a corporation terminates its corporate existence and a dissolved corporation shall not thereafter carry on any business except that necessary to wind up and liquidate its business and affairs, including:
>
> (1) Collecting its assets;
>
> (2) Disposing of its assets that will not be distributed in kind to its shareholders;
>
> (3) Giving notice in accordance with Section 12.75 and discharging or making provision for discharging its liabilities;
>
> (4) Distributing its remaining assets among its shareholders according to their interests; and
>
> (5) Doing such other acts as are necessary to wind up and liquidate its business and affairs.

805 ILCS 5/12.30. Under Illinois law, shareholders of a dissolved corporation "are entitled to the residue of corporate funds only after providing for the rights of corporate creditors and the legal claims of third persons." *Mid-American Elevator Co. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 589 (1996). During the wind-up period after dissolution, "a shareholder cannot serve himself first by manipulating corporate affairs to the detriment of creditors." *Id*. A shareholder who converts corporate assets for his own use becomes an equitable trustee of the converted property for the benefit of the dissolved corporation's creditors. *Id*. at 589-590.

Shareholders who receive distributions from a dissolved corporation are liable for the dissolved corporation's debts to the extent of the distributions received. *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996). Judgment creditors may use supplementary proceedings to determine how much shareholders received from a dissolved corporation and to

---

*Schedules K-1, Exhibit B.*

3

recover the amount received by the shareholders. *Id.*; see also *Central States, etc. v. Freyco Trucking, Inc.*, No. 02 C 3380, 2004 WL 350913 (N.D.Ill. Feb. 19, 2004).

### IV. Connell is liable to Plaintiffs in the amount of $23,205.49 for distributions received from UPI's Standard Bank checking account after the date of UPI's dissolution

Connell received the following improper distributions from UPI's checking account at Standard Bank & Trust Co. after UPI's dissolution on January 7, 2011:

| Check Date | Check No. | Amount | Payee |
|---|---|---|---|
| 1/25/11 | 5651 | $2,000 | John J. Connell |
| 2/11/11 | 5679 | $2,500 | John J. Connell |
| 3/2/11 | 5683 | $3,500 | John J. Connell |
| 4/11/11 | 5668 | $1,743.12 | John J. Connell |
| 4/29/11 | 5693 | $4,000 | John J. Connell |
| 5/5/11 | 5694 | $5,000 | John J. Connell |
| 5/19/11 | 5695 | $2,000 | John J. Connell |

True and correct copies of each of these processed checks are attached hereto as Exhibit D.

The face of Check No. 5651 does not indicate the purpose of the payment to Connell (*See Exhibit D*), and Defendants did not provide a copy of the check stub. At the Citation exam, Connell could not recall the specific purpose of Check No. 5651. *See Cit. Tr., p. 90, Exhibit B.*

The face of Check No. 5679 does not indicate the purpose of the payment. *See Exhibit D.* The check stub states "Shareholder Distributions." *See Exhibit D.* At the Citation exam, Connell could not recall the specific purpose of Check No. 5679. *See Cit. Tr., p. 91, Exhibit B.*

The face of Check No. 5683 does not indicate the purpose of the payment. *See Exhibit D.* The check stub states "Shareholder Distributions." *See Exhibit D.* At the Citation exam, Connell could not recall the specific purpose of Check No. 5683. *See Cit. Tr., p. 91, Exhibit B.*

4

The face of Check No. 5668 does not indicate the purpose of the payment. *See Exhibit D.* The check stub states "Reimbursement for material charged on credit card." *See Exhibit D.* When asked at the Citation exam if he could recall the specific purpose of Check No. 5668, Connell replied, "I don't." *See Cit. Tr., p. 92, Exhibit B.* After Sasso suggested that the payment was for a credit card, Connell stated, "I would be guessing if I said credit card payment." *See Cit. Tr., p. 92, Exhibit B.* Even if Check No. 5668 *was* reimbursement for material that Connell charged on his credit card, a shareholder or officer of a corporation may not prefer himself over outside creditors during the corporation's winding down period. *Mid-American Elevator*, 287 Ill. App. 3d at 589.

The face of Check No. 5693 and the check stub do not indicate the purpose of the payment. *See Exhibit D.* At the Citation exam, Connell could not recall the specific purpose of Check No. 5693. *See Cit. Tr., p. 92-93, Exhibit B.*

The face of Check No. 5694 and the check stub do not indicate the purpose of the payment. *See Exhibit D.* At the Citation exam, Connell testified, "I'm going to say no specific purpose because I would be guessing if I said compensation." *See Cit. Tr., p. 93, Exhibit B.*

Finally, at the Citation exam, Sasso and Connell were shown a Standard Bank "Close Checking Account" ticket dated August 1, 2011. A true and correct copy of the "Close Checking Account" ticket is attached hereto as Exhibit E. Sasso and Connell testified that they went together to Standard Bank on August 1, 2011, to withdraw the remaining $4,924.75 and close the account. *See Cit. Tr., p. 88, Exhibit B.* Connell confirmed that $4,924.75 was withdrawn in cash and split between them. *See Cit. Tr., p. 88, Exhibit B.*

Connell received distributions of $23,205.49 from UPI's Standard Bank checking account after the date of UPI's dissolution. Plaintiffs are entitled to recover the distributions from Connell and apply them toward the judgment against UPI. *Matos*, 101 F.3d at 1195.

5

V. *Plaintiffs are entitled to recover Connell's unpaid personal debt to UPI in the amount of $13,653.00*

According to Schedule L of UPI's 2010 Federal Income Tax Returns, UPI's assets at the end of the 2010 tax year included $13,654.00 in "Other Current Assets." *See Exhibit C, p. 4 of 14.* UPI attached a statement to its tax return to explain Line 6 of Schedule L. *See Exhibit B, p. 13 of 14.* The statement shows an amount of $13,653.00 "Due from J. Connell" at the end of 2010. *See Exhibit B, p. 13 of 14.* Connell signed the Articles of Dissolution on December 31, 2010, and the Articles were filed on January 7, 2011. *See Exhibit A.*

At the Citation exam, Geoffrey Quinn confirmed that he or someone from his office prepared the 2010 Form 1120 for UPI. *See Cit. Tr., p. 48, Exhibit B.* Quinn was shown Schedule L and the attached statement, and he was asked if UPI had made any loans to Connell. *See Cit. Tr., p. 48-49, Exhibit B.* Quinn responded:

> The loan implies – For my understanding loan is a note, document, term, certain interest rate. I don't remember that there was ever a note drawn up. So it was funds advanced looking to get it back. It looks like we treated it that way. Whether there was a note in place, I doubt it.

*See Cit. Tr., p. 49-50, Exhibit B.* Connell was asked if he ever paid back the $13,653.00 to UPI. Connell answered, "No, I don't believe so." *See Cit. Tr., p. 50, Exhibit B.*

Connell owes UPI $13,653.00. A judgment creditor "is entitled to step into the judgment debtor's shoes and collect debts owed to it." *Matos*, 101 F.3d at 1196. Stated differently, a corporation that dissolves without ever collecting amounts due from shareholders can be said to have made a liquidating distribution to the shareholder in the form of debt forgiveness. *Id.* Plaintiffs are entitled to recover the $13,653.00 that Connell owes UPI. *Id.*

VI. *Conclusion*

Connell received post-dissolution distributions from UPI totaling $36,858.49 as follows:

- $20,743.12 from UPI Standard Bank Check Nos. 5651, 5679, 5683, 5668, 5693,

6

> 5694, and 5695, plus
>
> - $2,462.37 from the final cash withdrawal to close the UPI Standard Bank checking account, plus
>
> - $13,653.00 in debt forgiveness from UPI.

Connell is liable to the creditors of UPI in the amount of these distributions. See *Matos*, 101 F.3d at 1195; *Freyco Trucking*, 2004 WL 350913 at *1-2. As a shareholder who converted corporate assets for his own use after dissolution, Connell is an equitable trustee and holds the converted funds for the benefit of Plaintiffs as the dissolved corporation's creditors. *Mid-American Elevator*, 287 Ill. App. 3d at 589; *Mallinga v. Harvey Family Med. Center*, 293 Ill. App. 3d 1001, 1006 (1997).

As of October 28, 2011, the total balance due by Defendants to Plaintiffs is $72,671.98, which includes principal of $72,663.24 and interest of $8.87. Interest accrues at the rate of 0.19% per annum on the remaining principal amount of the judgment and at the current per diem rate of $0.38.

Plaintiffs request that Judgment be entered in favor of Defendants and against John J. Connell III in the amount of $36,858.49, for the use and benefit of Plaintiffs, and that John J. Connell III be ordered to turnover $36,858.49 to the attorneys for Plaintiffs, which funds shall be applied to balance of Plaintiffs' Judgment against Defendants entered on July 11, 2011. A draft Supplemental Judgment Order is attached to the copy of this motion that was served on Defendants and John J. Connell III as Exhibit F and was submitted to the Court electronically pursuant to the Court's procedures for proposed orders on October 26, 2011.

WHEREFORE, Plaintiffs/Judgment Creditors, JAMES T. SULLIVAN, etc., et al., request that the Court enter an Order:

(1) entering Supplemental Judgment in the amount of $36,858.49 against JOHN J. CONNELL, and in favor of Defendants/Judgment Debtors, UNITED PLUMBING SERVICES LLC and UNITED PLUMBING, INC., for the use and benefit of Plaintiffs/Judgment Creditors, JAMES T. SULLIVAN, etc., et al., and directing JOHN J. CONNELL III to turn over to the attorneys of Plaintiffs/Judgment Creditors, ROETZEL & ANDRESS, the amount of $36,858.49 within 14 days, which funds are to be applied against the judgment entered in this cause on July 11, 2011; and

(2) awarding additional relief as the Court may deem appropriate.

JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS

/s/ Brian T. Bedinghaus
Brian T. Bedinghaus
20 N. Clark Street
Suite 3200
Chicago, IL 60602
(312) 580-1269

OF COUNSEL:
ROETZEL & ANDRESS
20 N. Clark Street
Suite 3200
Chicago, IL 60602
(312) 580-1200

## PROOF OF SERVICE

I served copies of the foregoing MOTION FOR ENTRY OF JUDGMENT AGAINST JOHN J. CONNELL III upon:

United Plumbing, Inc.
c/o Anthony Sasso, president
18839 South Wolf Road #30
Mokena, IL 60448

United Plumbing Services, LLC.
c/o Anthony Sasso, member
13952 Stonehenge Dr.
Orland Park, IL 60462

John J. Connell III
743 S. Quincy
Hinsdale, IL 60521

by placing true and correct copies thereof in sealed envelopes addressed as aforesaid, with postage prepaid, and depositing same in the United States Mail Box at 20 North Clark Street, Suite 3200, Chicago, Illinois on October 28, 2011, before 4:30 p.m.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 28, 2011

_____
SUSAN SCHLANGER

ROETZEL & ANDRESS
20 North Clark Street
Suite 3200
Chicago, IL 60602
312.580.1200